Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>vs.<br><br>JOSE GILBERTO RÍOS VÉLEZ<br><br>Parte Peticionaria | TA2026CE00399 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso núm.:<br>ISCR20210284<br>ISCR20210285<br>ISCR20210286<br><br>Sobre:<br>Arts. 401 y 412 de la Ley de Sustancias Controladas |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de mayo de 2026.

El 1 de abril de 2026, el señor José Gilberto Ríos Vélez (el señor Ríos Vélez o el peticionario) presentó ante nos una *Petición de Certiorari* en la que solicitó que revoquemos la *Resentencia* emitida el 3 de febrero de 2026, notificada el 13 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario).[1]

En el aludido dictamen, el foro primario declaró Ha Lugar una *Solicitud de corrección de sentencias al amparo de la Regla 185 (a) de Procedimiento Criminal*, en la que fijó una pena de doce (12) años de cárcel en cada cargo y que se cumpliera de forma concurrente entre sí.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

---

[1] Apéndice de la Peticion de *Certiorari*, Anejo H.

**I.**

El caso de autos tiene su origen cuando el 29 de marzo de 2021, el Pueblo de Puerto Rico (el Ministerio Público o la parte recurrida) instó una *Acusación* en la que alegó que, el señor Ríos Vélez infringió el Art. 401 de la *Ley de Sustancias Controladas de Puerto Rico*, Ley Núm. 4 de 23 de junio de 1971 (Ley Núm. 4-1971), según enmendada, 24 LPRA sec. 2401.[2]

Tras diversos incidentes procesales, el 22 de diciembre de 2023, las partes presentaron ante el TPI una *Moción sobre alegación pre-acordada* en la que acordaron que el peticionario cumpliera una sentencia de cinco (5) años concurrentes entre sí, puesto que el peticionario acordó hacer una alegación de culpabilidad por infringir el Art. 401 de la Ley Núm. 4-1971, *supra* sec. 2401.[3] En dicha alegación, las partes tenían conocimiento de que el foro primario no estaba obligado a acoger la alegación pre acordada.

Así las cosas, el 29 de enero de 2024, enmendada el 31 de enero de 2024, el foro primario emitió una *Sentencia en ausencia* en la que declaró culpable al peticionario por infringir el citado artículo y el Art. 412 de la Ley Núm. 4-1971, *supra*, recalificado a Art. 401 de la Ley Núm.4-1971, *supra*.[4] Empero, el señor Ríos Vélez no compareció a la vista de sentencia, pese a que se encontraba bajo fianza.[5] Durante la vista, el representante legal del peticionario informó que este no compareció debido a que estaba atendiendo una situación de su hijo. No obstante, el *foro a quo* informó que, se comunicó con el Programa de Servicios con Antelación y le informaron que desconocían el paradero del peticionario. Ante ello, el foro primario sentenció al peticionario a cumplir una pena de veinte (20) años de forma consecutiva. Consecuentemente, el foro

---

[2] *Íd.*, Anejo I.
[3] *Íd.*, Anejo 1.
[4] *Íd.*, Anejo 6.
[5] *Íd.*, Anejo 5.

primario le impuso una sentencia de veinte (20) años dado que le había advertido al peticionario que, de no comparecer a la vista de dictar sentencia, el TPI no estaba obligado en imponerle la sentencia acordada en la *Moción sobre alegación pre-acordada.*

Así las cosas, el 29 de diciembre de 2025, el señor Ríos Vélez radicó una *Moción solicitando corrección de sentencias al amparo de la Regla 185 (a) de procedimiento criminal* en la que alegó que, el foro primario impuso una sentencia errónea puesto que la sentencia no puede estar cimentada en un agravante. Adujo que, la incomparecencia del peticionario a la vista de dictar sentencia no puede constituir un agravante. Asimismo, arguyó que, el TPI había aceptado el preacuerdo y no podía rechazar el mismo. Por tanto, solicitó que el TPI dejara sin efecto la sentencia dictada el 29 de enero de 2024 y emitiera una conforme a derecho.

En respuesta, el 12 de enero de 2026, la parte recurrida presentó una *Oposición a moción solicitando la corrección de sentencia al amparo de la Regla 185 (a) de Procedimiento Criminal* en la que argumentó que, el señor Ríos Vélez fue debidamente advertido que, de no comparecer a la vista de dictar sentencia, el *foro a quo* dictaría sentencia en ausencia y la pena acordada no procedería.[6] Empero, el peticionario no compareció a la vista de dictar sentencia sin justificación alguna, pese a haber sido debidamente citado. Así, señaló que, el representante legal tampoco justificó la ausencia del peticionario. Sin embargo, indicó que, el peticionario evadió la justicia toda vez que, se trasladó a Estados Unidos, durante más de un (1) año y siete (7) meses sin el consentimiento de la parte recurrida. Además, sostuvo que, la sentencia está dentro de los límites legales que establece la Ley Núm. 4-1971, *supra.*

Tras diversas mociones relacionadas a las posturas de las partes, y la celebración de una vista, el 3 de febrero de 2026, el foro

---

[6] *Íd.*, Anejo C.

primario emitió una *Resentencia* en la que declaró Ha Lugar la *Moción solicitando corrección de sentencias al amparo de la Regla 185 (a) de procedimiento criminal* y fijó la pena a doce (12) años de cárcel en cada cargo y que se cumpliera de forma concurrente entre sí, totalizando doce (12) años de cárcel.[7]

Insatisfecho, el 27 de febrero de 2026, el peticionario instó una *Moción de reconsideración* en la que argumentó que, la sentencia que procede conforme a derecho es una pena de cinco (5) años de cárcel, de forma concurrente entre sí.[8] En esa línea, arguyó que, el foro primario debió acoger el preacuerdo ante la alegación de culpabilidad que el señor Ríos Vélez aceptó. Por ende, el TPI debía reconsiderar el dictamen emitido.

El 10 de marzo de 2026, el Ministerio Público radicó una *Oposición a moción de reconsideración* en la que reiteró que, debido a que el peticionario no compareció a la vista de dictar sentencia, este fue debidamente advertido con respecto a que su incomparecencia a la vista tuvo el efecto de que no se acogiera el preacuerdo.[9] Consecuentemente, el TPI no abusó de su discreción en fijar una sentencia de doce (12) años.

Así las cosas, el 11 de marzo de 2026, notificada el 18 de marzo de 2026, el TPI emitió una *Resolución y orden* No Ha Lugar a la reconsideración.[10]

Inconforme, el 7 de abril de 2026, el peticionario presentó ante nos una *Petición de certiorari* en la que coligó el siguiente señalamiento de error:

> Cometió error el TPI al imponer al peticionario una pena de doce años de cárcel, luego de haber aceptado, conforme a la Regla 72 de Procedimiento Criminal, un preacuerdo en el cual las partes habían acordado "que una sentencia de [cinco] (5) años concurrentes es la que dispone adecuadamente" de estos casos y bajo la cual el peticionario registró alegación de culpabilidad.

---

[7] *Íd.*, Anejo H.
[8] *Íd.*, Anejo I.
[9] *Íd.*, Anejo K.
[10] *Íd.*, Anejo M.

En cumplimiento con nuestra *Resolución,* el 14 de abril de 2026, el Ministerio Público radicó un *Escrito en cumplimiento de orden.*

Con el beneficio de la comparecencia de las partes, procederemos a atender el recurso ante nos.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR,* 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al., supra*; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el

curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97.

**B.**

La Regla 72 de Procedimiento Criminal, 34 LPRA Ap. II, rige lo relacionado a las alegaciones preacordadas de culpabilidad. Un Tribunal tiene "discreción para aceptar, rechazar, modificar o permitir el retiro de una alegación preacordada". *Pueblo v. Rivera Montalvo*, 205 DPR 352, 367 (2020), citando a: *Pueblo v. Marrero Ramos, Rivera López*, 125 DPR 90, 97 (1990). El Tribunal tiene que evaluar si: (1) la alegación fue hecha con pleno conocimiento, conformidad y voluntariedad del imputado, (2) es conveniente para una sana administración de la justicia y (3) se logró conforme a derecho y a la ética. *Pueblo v. Rivera Montalvo, supra*, págs. 367-368. *Pueblo v. Pérez Adorno*, 178 DPR 946, 957 (2014). De incumplirse con alguno de los requisitos mencionados, el Tribunal está obligado a rechazar la alegación preacordada. *Pueblo v. Rivera Montalvo, supra*, pág. 368. También, cuando surge alguna duda sobre la culpabilidad del acusado, "cuando este tiene alguna defensa meritoria o cuando se cumplen mejor los fines de la justicia sometiendo el caso a la consideración del juez o Jurado para su fallo". *Pueblo v. Rivera Montalvo, supra*, pág. 368; *Betancourt Rojas v. Tribunal Superior*, 90 DPR 747, 757 (1964). Con ello, la alegación preacordada debe hacerse de forma voluntaria e inteligente. *Pueblo v. Rivera Montalvo, supra*, pág. 368.

**C.**

El Art. 401 de la Ley Núm. 4-1971, *supra* sec. 2401, establece que,

> a. Excepto en la forma autorizada en esta ley, será ilegal el que cualquier persona, a sabiendas o intencionalmente:

1. Fabrique, distribuya o dispense, transporte u oculte, o posea con la intención de fabricar, distribuir, dispensar, transportar u ocultar una sustancia controlada.

2. Produzca, distribuya o dispense, transporte u oculte o posea con la intención de distribuir o dispensar, transportar u ocultar una sustancia falsificada.

b. Excepto lo establecido por el artículo 405, toda persona que viole lo dispuesto por el inciso (a) de este artículo convicta que fuere será sentenciada en la forma siguiente:

**1. (A) En el caso de alguna sustancia controlada incluida en las Clasificaciones I o II, que sean drogas narcóticas, incurrirá en delito grave, y convicta que fuere será sentenciada con pena de reclusión por un término fijo de veinte (20) años.** De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de treinta (30) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de diez (10) años.

El Tribunal a su discreción, podrá imponer, en adición a la pena de reclusión una pena de multa que no excederá de veinticinco mil (25,000) dólares.

Si cualquier persona comete tal violación después de una o más convicciones previas, que sean firmes, por delito castigable bajo este apartado, o por delito grave bajo cualquier disposición de esta ley o de cualquier ley de los Estados Unidos, relacionada con drogas narcóticas, marihuana, sustancias deprimentes o estimulantes, dicha persona incurrirá en delito grave y convicta que fuere será sentenciada con pena de reclusión por un término fijo de treinta y cinco (35) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cincuenta (50) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de veinte (20) años.

El Tribunal a su discreción, podrá imponer, en adición a la pena de reclusión, una pena de multa que no excederá de cincuenta mil (50,000) dólares.

**(B) En el caso de alguna sustancia controlada incluida en la Clasificación I que no sea droga narcótica, tal persona incurrirá en delito grave, y convicta que fuere será sentenciada con pena de reclusión por un término fijo de doce (12) años.** De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinte (20) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de cinco (5) años.

(Énfasis nuestro).

### III.

En el caso de autos, el peticionario argumentó que, el TPI erró al no acoger la alegación pre acordada conforme la Regla 72 de Procedimiento Civil, *supra*, toda vez que, este había aceptado una sentencia de cinco (5) años concurrentes. Específicamente, señala que su incomparencia al acto de lectura de la sentencia, autorizaba al tribunal a confiscar la fianza de acuerdo con lo provisto en la Regla 227, a expedir mandamiento de arresto o ambas. De igual

forma, arguye que el no comparecer a dicho acto no autoriza al foro primario a dictar una sentencia mayor a aquella acordada entre el acusado y el Ministerio Público en virtud de la Regla 72(1) de Procedimiento Criminal, *supra.* Tampoco, a contemplar la incomparecencia como una circunstancia agravante. Así, sostiene que "la renuncia a un principio o derecho fundamental- como lo es el estar presente en el acto de dictar sentencia- no puede ser utilizado para dejar sin efecto una alegación preacordada que fue aceptada por el TPI e imponer una pena mayor a la "acordada" entre el MP y el convicto."

Además de lo antes detallado, en su recurso, el peticionario expone que al amparo de la Regla 72(d)(1) de Procedimiento Criminal, *supra,* el foro primario tenía la facultad de aceptar, rechazar o aplazar su decisión en cuanto a la alegación preacordada. Niega, sin embargo, que una vez la acepta, como ocurrió en el caso de autos, pueda dejarla sin efecto pues está obligado por el acuerdo. Particularmente, manifiesta que según nuestro más alto foro ha reafirmado, al hacer una alegación de culpabilidad, el acusado no solo afirma haber realizado los actos descritos en la denuncia o acusación, sino que además acepta y admite que es el culpable del delito objeto de su alegación. Así, al citar a *Pueblo v. Figueroa García,* 129 DPR 798 (1992), según reiterado en *Pueblo v. Pérez Adorno, supra,* y *Pueblo v. Acosta Pérez,* 190 DPR 823 (2014) plantea que cuando el tribunal acepta el acuerdo y el acusado hace la correspondiente alegación de culpabilidad, las partes no pueden retirar lo acordado, por lo que cualquier intento a tales efectos es un incumplimiento del acuerdo.

Tras un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que nos abstenemos de ejercer nuestra función revisora y, de intervenir con la determinación del foro primario. Destacamos que, las

circunstancias particulares presentes en el caso de autos son claramente distinguibles de la jurisprudencia citada por el peticionario.[11] Ello, toda vez que, el señor Ríos Vélez fue advertido en cuanto a que, de no comparecer a la vista de dictar sentencia, el foro primario no tenía la obligación de imponer la sentencia sugerida de cinco (5) años.

A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Rivera Marchand disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Basta con repasar la jurisprudencia para notar que, en estos casos, es por medio de las acciones propias del tribunal o del Ministerio Público que las alegaciones preacordadas se dejaron sin efecto. Por ejemplo, en *Pueblo v. Acosta Pérez, supra*, el tribunal *motu proprio* dejó sin efecto una alegación preacordada debido al cambio de postura de la víctima al respecto. En *Pueblo v. Figueroa García, supra,* el Ministerio Público retiró la oferta por entender que, pese a un sinnúmero de reuniones con la representación legal de la acusada, esta no dio su consentimiento. Mientras, en *Pueblo v. Pérez Adorno, supra,* una sala del tribunal distinta a la que aceptó las alegaciones preacordadas las dejó sin efecto. A nuestro parecer, el análisis efectuado por nuestra Más Alta Curia tuvo como norte proteger los derechos constitucionales del acusado que estaban en juego en cada uno de estos casos versus las acciones del Estado. En el caso de autos las acciones fueron llevadas a cabo por el señor Ríos y por las que fue debidamente advertido por el foro recurrido, en caso específico de incumplimiento.

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO  Parte Recurrida  vs.  JOSE GILBERTO RIOS VELEZ  Parte Peticionaria | TA2026CE00399 | *Certiorari*  Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez  Caso núm.: ISCR20210284 ISCR20210285 ISCR20210286  Sobre: Arts. 401 y 412 de la Ley de Sustancias Controladas |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

### VOTO DISIDENTE DE LA JUEZA RIVERA MARCHAND.

En San Juan, Puerto Rico, a 5 de mayo de 2026.

En la causa ante nos, respetuosamente disiento de la determinación mayoritaria. En esencia, el foro primario y la mayoría de nuestro panel avalaron una corrección de una sentencia contra el señor José Gilberto Ríos Vélez (Peticionario o señor Ríos Vélez) en la que se le impone una pena de reclusión, sin considerar lo pactado y autorizado por el foro primario en la alegación pre-acordada. Distinto a lo consignado por la mayoría, considero que el foro primario se apartó de la normativa aplicable a esta materia.

El 22 de diciembre de 2023, el señor Ríos Vélez hizo una alegación de culpabilidad por tres infracciones al Artículo 401 de la Ley Núm. 4 de 23 de junio de 1971, Ley de Sustancias Controladas de Puerto Rico (distribución de marihuana), 24 LPRA sec. 2401. Con el aval del Ministerio Público y eliminada la reincidencia, la pena sugerida en el preacuerdo fue de cinco (5) años para cada cargo, concurrentes entre sí, a ser cumplidos en una institución carcelaria.[12] Celebrados los procesos de rigor y luego de cerciorarse

---

[12] Cabe señalar que, la pena fija por violentar el citado Artículo 401 es de doce (12) años, reducible a un mínimo de cinco (5) años, cuando medien circunstancias

de que la alegación del Peticionario fue libre, voluntaria e inteligente, el foro primario acogió y autorizó el preacuerdo con la pena recomendada. Lo antes, bajo apercibimiento de que, de este no comparecer a la vista para dictar sentencia, el TPI la dictará en su ausencia, no será de cinco (5) años y ordenará su arresto e ingreso por desacato.[13]

Llegado el día del acto de imposición de sentencia, el 29 de enero de 2024, el Peticionario -quien estaba bajo fianza- no compareció.[14]   En su consecuencia, el TPI procedió a variar lo previamente autorizado y sentenció al Peticionario a una pena de veinte (20) años de reclusión por cada cargo. Hizo constar en la *Minuta* correspondiente lo siguiente:

> [e]l Tribunal [...] no viene obligado a acoger el pre-acuerdo en este caso, ya que el señor Ríos Vélez quedó citado, está siendo temerario con las autoridades, así que el Tribunal dicta sentencia imponiéndole la pena máxima en los Artículos 401 de la Ley de Sustancias Controladas, que sería de 20 años de cárcel en cada caso, concurrentes entre sí. Se le impone el pago de la pena especial de $300 en cada caso. (Énfasis suprimido.)[15]

Al cabo de aproximadamente dos años, el Peticionario instó una *Moción Solicitando Corrección de Sentencias al Amparo de la Regla 185(a) de Procedimiento Criminal.* En ella cuestionó que, al imponerle una pena de reclusión de veinte (20) años para cada cargo, equivale a aplicar agravantes debido a su incomparecencia a la vista para dictar sentencia. Expuso que, el TPI estaba impedido de cambiar la pena contemplada en el preacuerdo, luego de haberlo autorizado.

Evaluado lo anterior, junto a la correspondiente oposición que el Ministerio Público presentó, el foro primario notificó la

---

atenuantes y hasta un máximo de veinte (20) años, ante circunstancias agravantes.

[13] Véase, *Minuta* de la vista del 22 de diciembre de 2023. Entrada Núm. 1 en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA), pág. 1.

[14] Estuvo presente su representante legal.

[15] Poco después, el 31 de enero de 2024, el TPI enmendó su dictamen a los efectos de intitularlo *Sentencia en Ausencia.*

*Resentencia* recurrida, el 3 de febrero de 2026. En ella, impuso contra el Peticionario una pena de reclusión de doce (12) años para cada cargo. Entiéndase que, aunque redujo la pena previamente impuesta de veinte (20) a doce (12) años, continúa representando un aumento a la pena de cinco (5) años objeto del preacuerdo. Incidió en su proceder.

En *Pueblo v. Pérez Adorno,* 178 DPR 946, 960-961 (2010), reafirmado en *Pueblo v. Acosta Pérez,* 190 DPR 823, 833 (2014) el Alto Foro dictaminó que:

> [u]na vez el tribunal acepta el acuerdo y el acusado hace la correspondiente alegación de culpabilidad, quedan implicados los derechos constitucionales del acusado, quien tiene el derecho a que lo acordado y aceptado se cumpla en su totalidad. **Por lo tanto, una vez el acusado hace la alegación de culpabilidad y el tribunal, como institución, acepta el acuerdo, el juez no puede rechazarlo posteriormente.** Lo contrario sería permitir que después de que el acusado hace alegación de culpabilidad por confiar en el acuerdo aceptado, el tribunal revierta su determinación y sentencie al acusado sin considerar lo acordado. Esto, sin duda, menoscabaría los derechos del acusado. Además[,] le restaría efectividad a las alegaciones preacordadas, por temor a que los acuerdos, una vez aceptados, puedan ser rechazados por el tribunal. Esto sin duda vulneraría el propósito para el que se adoptó este tipo de mecanismo procesal: la conveniencia administrativa que representa la solución rápida de casos, sin los costos que conllevan los juicios plenarios. (Énfasis nuestro.)

De conformidad y por resultar persuasivo, se resalta que, en *Pueblo v. Avilés Suárez* (Recurso Núm. KLCE201300104)[16] un panel hermano de esta Curia tomó en consideración el inciso (d) de la Regla 72 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 72, así como la doctrina establecida en *Pueblo v. Pérez Adorno,* supra. Resolvió que, el foro primario estaba obligado a cumplir los términos de la alegación pre-acordada que aceptó y aprobó. Se observa que, en este caso, los hechos son similares al caso de epígrafe. En esa ocasión, se presentaron contra el señor Avilés Suárez nueve cargos por infracción al Artículo 401 de la Ley de Sustancias Controladas de Puerto Rico. Luego de las audiencias

---

[16] Mandato expedido el 14 de mayo de 2013.

judiciales pertinentes y la alegación de culpabilidad del señor Avilés Suárez, el TPI autorizó los términos del preacuerdo presentado para eliminar la alegación de reincidencia e imponer el cumplimiento de cinco (5) años de reclusión, a cumplirse concurrentemente entre sí. A la vista para el pronunciamiento de la correspondiente sentencia, el señor Avilés Suárez no compareció. Ante su ausencia, el TPI le impuso una pena de 20 años. Al entender que dicho proceder violentó lo establecido en *Pueblo v. Pérez Adorno*, supra, el panel hermano revocó el dictamen. De esta forma, si el foro primario entendió que el acusado se estaba burlando del sistema judicial debería imponerle un desacato u otras medidas. En base a lo anterior, el panel hermano devolvió el asunto al TPI para que dictara la sentencia acorde con la alegación pre-acordada, conforme a derecho.

Conviene puntualizar que nuestro Alto Foro ha reiterado que las alegaciones pre-acordadas son de gran valor para nuestro sistema de justicia criminal, ya que permiten conceder ciertos beneficios al acusado sí este se declara culpable, descongestionan los calendarios de los tribunales y propician que se enjuicien a los acusados en los términos de un rápido enjuiciamiento. *Pueblo v. Torres Cruz*, 194 DPR 53, 66 (2015) citando a *Pueblo v. Acosta Pérez*, supra, y *Pueblo v. Santiago Agricourt*, 147 DPR 179 (1998).

A la luz de la normativa antes citada surge claramente que, en la causa ante nos, el foro primario estaba impedido de variar la pena de reclusión de cinco (5) años concurrentes para cada cargo, luego de haberla aceptado como parte del preacuerdo. Cabe puntualizar que, la alegación de culpabilidad es producto de una negociación entre el Ministerio Público y la representación legal del acusado. *Pueblo v. Santiago Agricourt,* supra.

Tal cual expusimos en el tracto procesal y constatamos del expediente, las partes firmaron el preacuerdo objeto de este recurso,

el 22 de diciembre de 2023.[17] De este surge, entre otros, que el Peticionario hizo una alegación de culpabilidad por tres violaciones al Artículo 401 de la Ley de Sustancias Controladas de Puerto Rico, *supra,* y que estuvo de acuerdo con que se le sentenciara a cinco (5) años de cárcel por cada uno, a cumplirse de forma concurrente. Según constatamos de la *Moción sobre Alegación Pre-Acordada,* en igual fecha, el foro primario aceptó la alegación pre-acordada.[18]

Además, se desprende de la *Minuta* del juicio en su fondo, celebrado ese mismo día, 22 de diciembre de 2023, que el TPI expresó haber aceptado el preacuerdo, luego de asegurase de que el Peticionario hizo su alegación de culpabilidad de forma libre, voluntaria e inteligente.[19] Aun cuando reconocemos que, también surge que, el foro primario apercibió al señor Ríos Vélez de que su incomparecencia a la vista de imposición de sentencia conllevará que la dictará en su ausencia y que la misma no será de cinco (5) años, lo antes resulta inoficioso de conformidad con la normativa de *Pueblo v. Pérez Adorno,* supra. Lo antes, en la medida en que, el foro primario no puede rechazar un preacuerdo una vez aceptado. *Íd.* Tampoco se desprende de la normativa antes citada que el TPI pueda aceptar una alegación pre-acordada y posteriormente condicionar su aplicación a su comparecencia. Si el TPI entendió que el señor Ríos Vélez fue temerario con las autoridades al no comparecer al acto de imposición de sentencia, debió imponerle un desacato o cualquier otra medida análoga, sin alterar la alegación pre-acordada.

Cabe destacar que, al hacer una alegación de culpabilidad, el acusado no solo afirma haber realizado los actos descritos en la denuncia o acusación, sino que además acepta y admite que es el culpable del delito objeto de su alegación. La aceptación de la

---

[17] Véase, Entrada 1, Exhibit I-1 en Sumac-TA.
[18] *Íd.*
[19] Véase, *Minuta* de la vista del 22 de diciembre de 2023, *Op. cit.*

alegación constituye una convicción con carácter concluyente que no le deja al tribunal más que hacer que no sea admitir el fallo y la sentencia. *Pueblo v. Torres Cruz*, supra, págs. 65-66. Citando a *Pueblo v. Acosta Pérez*, supra, y *Pueblo v. Pérez Adorno*, supra.

Sustentado en lo anterior concluyo que, el foro primario cometió el error imputado, por lo cual, se reúnen los criterios al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, que justifican la expedición del auto de *certiorari* y la revocación de la *Resentencia* recurrida.

Por las razones que anteceden, respetuosamente disiento.


**MONSITA RIVERA MARCHAND**
**JUEZA DE APELACIONES**